IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY THOMAS,** | : | **CIVIL  NO. 1:99-CV-1312** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MARVA CERULLO,** | : | |
| | : | |
| **Defendant** | : | |

# M E M O R A N D U M

Before the court is Defendant Cerullo's motion to dismiss Plaintiff's complaint.  (Doc. 46.)  The parties have briefed the issues, and the matter is ripe for disposition.  For the reasons stated below, the court will grant Defendant's motion.

## I.        Background

### A.        Procedural History

On July 23, 1999, Plaintiff filed *pro se* his civil rights action in federal district court.  On May 25, 1999, Plaintiff filed a parallel civil action in the Schuylkill County Court of Common Pleas.  Originally named in Plaintiff's complaint were

Robert Yarnell, William Wall, One Unknown Food Service Instructor, Marva

Cerullo, Joe Rush, John Hipps, Laslo Kiraly, State Correctional Institution

Mahanoy's ("SCI-Mahanoy") Medical Review Committee, Carol Dotter, Edward

Klem, Martin Dragovich, Marcia S. Bryan, and Martin Horn ("Original Defendants").

On October 22, 1999, the Original Defendants filed a motion to stay pending the

outcome of Plaintiff's parallel state proceedings.  The court granted the Original

Defendants' motion on September 18, 2000.  Plaintiff filed a motion to reopen the

civil complaint on August 19, 2004.  On December 3, 2004, the court ruled on

Plaintiff's motion and  provided that "the court will reopen the instant action only on

the claim of deliberate indifference to a medical need (Eighth Amendment).  The only

Defendant remaining on that issue is Marva Cerullo."  (Doc. 45.)  Defendant Cerullo

filed the instant motion on December 15, 2004.  (Doc. 46.)  Plaintiff filed a response

on January 10, 2005 and Defendant filed a reply on January 14, 2005.  On January 27,

2005, Plaintiff filed a sur-reply brief, which the court struck on February 10, 2005.

Plaintiff filed a motion for reconsideration of that decision on February 25, 2005.[1]

> **B.** **Facts**

---

[1]The court will address Plaintiff's motion for reconsideration in this memorandum and order.

The following facts pertain to Plaintiff's complaint against Defendant Cerullo.  Defendant is the health care administrator at SCI-Mahanoy.  Plaintiff, an inmate at SCI-Mahanoy, suffered an injury to his back on February 11, 1998.[2] (Compl. ¶ 59.)  Plaintiff alleges that because of the pain from his injury, he had difficulty sleeping.  (*Id*. ¶ 83.)  As a result, Plaintiff requested an extra mattress from prison medical personnel.  (*Id*.)  Plaintiff's request was referred to Defendant.  (*Id*.)  On May 7, 1998, Plaintiff sent a written request to Defendant for an extra mattress. (*Id*. ¶ 84.)  Defendant referred the request to the block unit manager.  (*Id*.)  The block unit manager referred the matter back to Defendant.  (*Id*. ¶ 85.)  On May 26, 1998, Plaintiff sent a second request to Defendant for an additional mattress.  (*Id*. ¶ 86.)  Plaintiff asserts that he never received a reply.  (*Id*.)  After contacting the Superintendent of SCI-Mahanoy, and a subsequent referral to the medical department for review, Plaintiff received an additional mattress on July 16, 1998.  (*Id*. ¶¶ 87, 88.)

On June 10, 1998, the prison Medical Review Committee ("MRC") and prison medical personnel denied Plaintiff's request to have an MRI conducted on his back.  (*Id*. ¶ 93.)  On June 17, 1998, Plaintiff sent a written request to Defendant for a

---

[2]The facts surrounding Plaintiff's injury are not relevant to Plaintiff's instant claims against Defendant.  In brief, Plaintiff fell while working in the food service department ("FSD").  While Plaintiff filed several grievances with prison officials regarding his inability to work in the FSD, these grievances were not with Defendant and do not pertain to the instant action.

second medical opinion from an orthopedic specialist.  According to Plaintiff, "a

proper diagnosis seemed outside of the scope of the general M.D., based upon the

treatment that had thus far been prescribed."  (*Id*. ¶ 95.)  Plaintiff asserts that

Defendant denied Plaintiff's request.  (*Id*.)  However, Plaintiff also alleges that

Defendant never replied to Plaintiff's request.  (*Id*. ¶ 96.)

On June 26, 1998, Plaintiff filed a grievance against Defendant based on

"her denial" of his request to be seen by an orthopedic specialist.  (*Id*. ¶ 97.)  The

grievance coordinator assigned Plaintiff's grievance to Defendant.  (*Id*. ¶ 98.)  On

July 16, 1998, Plaintiff was seen by a general medical doctor.  (*Id*. ¶ 103.)  Plaintiff

was informed that this constituted a second opinion and this was Defendant's final

decision.  (*Id*.)  Plaintiff was informed by the doctor that he suffered from

fibromyalgia of the paravertebral area.  (*Id*.)  Plaintiff received a reply to the June 26,

1998 grievance on July 20, 1998.  (*Id*. ¶ 99.)

On July 31, 1998, Plaintiff was given a personal interview with

Defendant.  (*Id*. ¶ 100.)  According to Plaintiff, Defendant told him that his request

for an MRI was denied for financial reasons, and that if Plaintiff repeated such,

Defendant would deny having said it.  (*Id*. ¶ 101.)  Plaintiff alleges that Defendant

intentionally delayed Plaintiff's medical treatment and that the intentional delay

demonstrated deliberate indifference to Plaintiff's serious medical need and

exacerbated Plaintiff's injury, thereby making it a chronic problem.  (*Id*. ¶ 107, 111.)


**II.            Legal Standard: Motion to Dismiss**

In deciding a motion to dismiss pursuant to Federal Rule 12(b)(6), the

court is required to accept as true all of the factual allegations in the complaint and all

reasonable inferences that can be drawn from the face of the complaint.  *Worldcom,*

*Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003).  "The complaint will be

deemed to have alleged sufficient facts if it adequately put[s] the defendant[s] on

notice of the essential elements of the plaintiff's cause of action."  *Nami v. Fauver*,

82 F.3d 63, 65 (3d Cir. 1996).  The court will not dismiss a complaint for failure to

state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of

facts in support of his claim that would entitle him to relief."  *Conley v. Gibson*, 355

U.S. 41, 45-46 (1957); *Port Auth. of New York & New Jersey v. Arcadian Corp.*,

189 F.3d 305, 311 (3d Cir. 1999).  In the case of a *pro se* plaintiff, the court should

construe the complaint liberally and draw fair inferences from what is not alleged as

well as for what is alleged.  *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003);

*Youse v. Carlucci,* 867 F. Supp. 317, 318 (E.D. Pa. 1994).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).  Additionally, the court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Id.*  In other words, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted).  However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

**III.      Discussion**

6

While Plaintiff's *pro se* Complaint is not the model of clarity, the court construes it to allege the following violations of his Eighth Amendment rights: 1) Defendant did not respond quickly enough to Plaintiff's request for an additional mattress; 2) Defendant did not respond quickly enough to Plaintiff's grievance regarding the denial of a second medical opinion; and 3) Defendant denied Plaintiff an MRI based on financial reasons.  Defendant counters that she was not deliberately indifferent to a serious medical need and that Plaintiff fails to state a claim under the Eighth Amendment.  The court will examine the specifics of Defendant's argument in the following discussion.  For reasons stated below, the court finds Defendant's arguments to be well-founded and will grant Defendant's motion to dismiss.

Before the court proceeds, it will first address Plaintiff's response to Defendant's motion to dismiss and Plaintiff's sur-reply brief.  Plaintiff's response fails to address any of Defendant's arguments as to why dismissal is proper.  Instead, Plaintiff attempts to reconfigure his Complaint to include new allegations.  Specifically, Plaintiff alleges that Defendant was deliberately indifferent because Plaintiff was not medically cleared to work in the FSD.  Plaintiff alleges that Defendant failed to review his medical file and failed to have a physical performed on Plaintiff.  Plaintiff contests that had Defendant done so, she would have been aware

7

that Plaintiff was not cleared to work in the FSD and that Plaintiff was physically not

capable of working in the FSD.[3]  Plaintiff asserts that this is contrary to prison

policy.  These allegations are not part of Plaintiff's Complaint.  Plaintiff has not

requested leave to file an amended complaint.  Plaintiff may amend his complaint only

by leave of the court.  *See* Fed. R. Civ. Pro. 15.

In the Third Circuit, a court must grant leave to amend before dismissing

a complaint that is merely deficient.  *See, e.g., Weston v. Pennsylvania*, 251 F.3d

420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000).

"Dismissal without leave to amend is justified only on the grounds of bad faith, undue

delay, prejudice, or futility."  *Alston v. Parker*, 336 F.3d 229, 236 (3d Cir. 2004).  In

this case the court finds that an amended complaint is not warranted because of

undue delay and futility.

First, the court finds that an amended complaint is not warranted

because of undue delay.  Plaintiff filed his Complaint in 1999.  After which, Plaintiff

proceeded through state court on similar claims.  Thus, Plaintiff has had six years

and the benefit of state court proceedings to articulate these new allegations.

---

[3]Plaintiff alleges that a preexisting knee condition made him physically incapable of working in the FSD.

Plaintiff's civil case was reopened in August of 2004 and Defendant filed the instant

motion to dismiss in December of 2004.  Plaintiff had over three months to file an

amended complaint.  Plaintiff failed to do so.  Plaintiff has had ample time to

articulate his new allegations within the parameters of the governing rules of civil

procedure.  As such, the court finds that providing Plaintiff with leave to file an

amended complaint would constitute an undue delay.

Second, the court finds that it would be futile to allow Plaintiff to amend

his Complaint.  Plaintiff's allegations, as stated in his response to Defendant's motion

to dismiss, amount to at most negligence on the part of the Defendant.  "In order to

succeed in an action claiming inadequate medical treatment, a prisoner must show

more than negligence; he must show 'deliberate indifference' to a serious medical

need."  *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993).   Accordingly, the

court finds that it would be futile to allow Plaintiff to amend his Complaint.  Plaintiff

will not be provided leave to file an amended complaint.

## A.   Eighth Amendment Standard

To state a claim under the Eighth Amendment for denial of medical care,

Plaintiff must show that Defendant was deliberately indifferent to a serious medical

need.  *Estelle v. Gamble*, 429 U.S. 97 (1976).  The Third Circuit has found  that a

serious medical need is one "that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth County Corr. Inst. v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

The Supreme Court has stated that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104 (internal citations omitted). The Third Circuit has provided that deliberate indifference has occurred in instances where a doctor "insisted on continuing courses of treatment that the doctor knew were painful, ineffective or entailed substantial risk of serious harm." *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990). However, the fact that a physician has been negligent in diagnosing or treating a medical condition does not state an Eighth Amendment claim. *Estelle*, 429 U.S. at 104.

It is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights. *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990). A disagreement between a plaintiff and medical personnel, as to his diagnosis does not constitute deliberate indifference. *Boring v. Kozakiewicz*, 833 F.2d 468, 473 (3d Cir. 1987); *see*

*also White*, 897 F.2d at 110 ("There may, for example, be several acceptable ways to treat an illness.").  Additionally, a defendant who is not a doctor, cannot be "considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer*, 991 F.2d at 69

<strong>B.      Failure to Provide an Additional Mattress</strong>

Plaintiff alleges that Defendant failed to respond quickly enough to his request for a second mattress.  According to Plaintiff, he had pain and difficulty sleeping and relaxing.  (Compl. ¶ 83.)  Thus, Plaintiff's Eighth Amendment claim revolves around Defendant's failure to timely attend to his difficulty sleeping and relaxing.  The court notes that Plaintiff eventually received an additional mattress after medical personnel approved the request.  (*Id*. ¶¶ 87, 88.)

In *Estelle*, the Supreme Court stated: "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle*, 429 U.S. at 106.  Moreover, the Supreme Court has provided that "[t]he Constitution . . . does not mandate comfortable prisons, and only those deprivations

11

denying the minimal civilized measure of life's necessities, are sufficiently grave to

form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294,

298 (1991) (internal citations omitted).  The court finds that a delay in providing

Plaintiff with an additional mattress is not "sufficiently harmful to evidence deliberate

indifference to serious medical needs." *Estelle*, 429 U.S. at 106.  While Plaintiff had

difficulty sleeping and relaxing during the two and a half month period he waited for

approval of an additional mattress, this simply does not rise to the level of an Eighth

Amendment violation.

### C.   <u>Failure to Timely Respond to Plaintiff's Grievance</u>

Plaintiff asserts that Defendant failed to timely respond to the grievance

he filed and that this constituted deliberate indifference.  To sufficiently address

Plaintiff's claim, the court finds it necessary to reiterate the relevant factual

background.  On June 17, 1998, Plaintiff filed a request to be seen by outside medical

personnel.  (Compl. ¶ 95.)  The court notes that Plaintiff makes two conflicting

assertions.  First, Plaintiff asserts that Defendant denied his request.  (*Id*. ¶ 95.)

Second, Plaintiff asserts that Defendant failed to respond to his request.  (*Id*. ¶ 96.)

Regardless of these conflicting assertions, Plaintiff filed a grievance against

Defendant "for her denial" of a second opinion from an orthopedic specialist on June

26, 1998.  (*Id*. ¶ 98.)  Thus, the court construes Plaintiff's Complaint to allege a

denial of Plaintiff's request to be seen by an orthopedic specialist.

Defendant responded to Plaintiff's grievance on July 20, 1998.  (*Id*. ¶

99.)  Plaintiff alleges that Defendant did not timely respond to his grievance.

Specifically, Plaintiff asserts that Defendant took 24 days to respond to Plaintiff's

grievance, which according to Plaintiff, violates Department of Corrections's policy.

According to Plaintiff, this is evidence of Defendant's deliberate indifference.

However, the court notes that Plaintiff was seen by a doctor on July 16, 1998.  (*Id*. ¶

103.)  Thus, Plaintiff was seen by a doctor four days before Defendant responded to

Plaintiff's grievance.  According to the Complaint, Defendant informed Plaintiff that

this "visit by the general [m]edical [d]octor constituted his second opinion and this

decision was final."  (*Id*.)  Therefore, Plaintiff was afforded the opportunity to seek a

second opinion.  While it may not have been with an orthopedic specialist, Plaintiff is

not constitutionally entitled to an orthopedic specialist.  Based upon this, the court

finds that Defendant did not act with deliberate indifference.

Moreover, the court finds that, as a matter of law, Defendant cannot be

considered deliberately indifferent based on a failure to respond to Plaintiff's requests

for a second opinion.  As stated, a defendant who is not a physician cannot "be

considered deliberately indifferent simply because they failed to respond directly to

the medical complaints of a prisoner who was already being treated by the prison

doctor." *Durmer*, 991 F.2d at 69.  More recently, the Third Circuit stated that

"absent a reason to believe (or actual knowledge) that prison doctors or their

assistants are mistreating (or not treating) a prisoner, a non-medical prison official like

[defendant] will not be chargeable with the Eighth Amendment scienter requirement of

deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).  Plaintiff

based his request for a second opinion on his assertion that "a proper diagnosis of

Plaintiff's injury seemed outside of the scope of the general M.D., based on the

treatment that had thus far been prescribed."  (Compl. ¶ 95.)  It is evident that

Plaintiff was being seen by prison medical personnel.  While Plaintiff was not

satisfied with the treatment prescribed, there is no indication that Plaintiff was being

mistreated.  As such, Defendant, who is a health care administrator and not a

physician, did not act with deliberate indifference for allegedly failing to timely

respond to Plaintiff's grievances.

### D.     <u>Failure to Provide Plaintiff With an MRI</u>

Plaintiff alleges that Defendant asserted that his request for an MRI was

denied for financial reasons.  While Defendant agrees that cost cannot be the basis of

14

infringing on a constitutional right, Defendant asserts that no medical need for an MRI was determined to exist.  The prison's Medical Review Committee ("MRC") and prison medical personnel disapproved of Plaintiff receiving an MRI in June of 1998.  (Compl. ¶ 93.)  Plaintiff alleges that he spoke with Defendant about the MRI in July of 1998.  (*Id.* ¶ 101.)  Thus, before Plaintiff spoke to Defendant, medical personnel had already determined that an MRI was not necessary.

It is well settled that "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."  *Estelle*, 429 U.S. at 107.  Furthermore, the court gives "considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients.  Courts will 'disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment.' " *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 763 (3d Cir. 1979) (alterations in the original) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)).  In the instant case, there was a medical decision made by the MRC and prison medical personnel not to order an MRI.  Defendant, who is not a physician, was not in a position to second-guess the decision of the MRC and prison medical personnel.  As stated, a disagreement between a plaintiff and medical personnel as to

15

his diagnosis does not constitute deliberate indifference.  *See Boring*, 833 F.2d at

473.  Accordingly, Defendant was not deliberately indifferent with respect to

Plaintiff's request for an MRI.


**IV.**        **Conclusion**

            In accordance with the foregoing discussion, the court will grant

Defendant's motion to dismiss Plaintiff's Complaint.  Additionally, the court will

deny Plaintiff's motion for reconsideration of its order striking Plaintiff's sur-reply

brief.  *See* Middle District Local Rule 7.7.  An appropriate order will issue.

                                            s/Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

Dated:  May 2, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY THOMAS,** | : | **CIVIL  NO. 1:99-CV-1312** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MARVA CERULLO,** | : | |
| | : | |
| **Defendant** | : | |

# O R D E R

In accordance with the accompanying memorandum of law, **IT IS**

**HEREBY ORDERED THAT:**

1) Defendant's motion to dismiss Plaintiff's Complaint (Doc. 46) is

**GRANTED**.

2) Plaintiff's motion for reconsideration of the court's order to strike

Plaintiff's sur-reply brief (Doc. 55) is **DENIED**.

3) the Clerk of Court shall close the file.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  May 2, 2005.